NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ZOE-NAVARRO, | No.   21-70244 |
| Petitioner, | Agency No. A209-171-636 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 2, 2023[**]
Pasadena, California

Before:  GRABER, BYBEE, and BENNETT, Circuit Judges.

Petitioner David Zoe-Navarro, a native and citizen of Mexico, timely

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") denial of his applications

for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We review de novo legal conclusions and review for substantial evidence factual findings.  Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We deny the petition.

1.  Substantial evidence supports the BIA's determination that Petitioner failed to establish a nexus between the fear or harm he experienced and a political opinion he held.

Petitioner asserts that his opposition to the recruitment efforts of the Guerreros Unidos, a gang operating in Mexico, constituted a political opinion.  But "resistance to a gang's recruitment efforts alone does not constitute political opinion."  Ramos-Lopez v. Holder, 563 F.3d 855, 862 (9th Cir. 2009) (quoting Santos-Lemus v. Mukasey, 542 F.3d 738, 747 (9th Cir. 2008)) (internal quotation marks and brackets omitted), abrogated on other grounds by Henriquez-Rivas v. Holder, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).  Petitioner testified that he tried "not to get involved with" the groups fighting for territory in the region in Mexico where he lived "[b]ecause the people that are involved in that, they're either dead or in prison."  Thus, Petitioner's resistance to joining the Guerreros Unidos was motivated by self-preservation, not politics.  See Barrios v. Holder, 581 F.3d 849, 856 (9th Cir. 2009) (holding that the petitioner was not persecuted on account of an anti-gang political opinion, because he "failed to present evidence that he was politically or ideologically opposed to the ideals espoused by the gang

2

that recruited him (or to gangs in general)"), abrogated in part on other grounds by Henriquez-Rivas, 707 F.3d at 1093; see also INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (distinguishing "indifference, indecisiveness, and risk averseness" from an affirmative political opinion).

2. Substantial evidence also supports the BIA's finding that the gang's members did not target Petitioner on account of his actual or perceived political beliefs. The IJ asked Petitioner's attorney to point to any evidence in the record showing that the gang would attribute a political opinion to Petitioner if he did not join the gang. The attorney responded that "[t]here is no evidence in the record." In addition, Petitioner testified that he believed that the men had followed him for a reason, but he did not know what that reason was.

3. On appeal to the BIA, Petitioner argued for the first time that he belonged to a particular social group: "Mexican youth who reject recruitment in and oppose violence associated with Mexican gangs." The BIA properly ruled that Petitioner waived that argument because he had not identified a particular social group before the IJ. See Honcharov v. Barr, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) ("[T]he Board did not err when it declined to consider Honcharov's proposed particular social groups that were raised for the first time on appeal.").

4. Substantial evidence supports the BIA's denial of Petitioner's CAT claim. The record does not compel the conclusion that Petitioner's past harm

3

constituted torture, and Petitioner failed to show that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a).

5. Petitioner claims a due process violation for the first time in his reply brief.  Accordingly, Petitioner waived that issue.  Nguyen v. Barr, 983 F.3d 1099, 1102 (9th Cir. 2020).

**Petition DENIED.**